## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS


**MICHAEL RAY REEVES, #B-82558**

        **Petitioner,**

**vs.**                             **CIVIL NO. 10-cv-869-DRH**

**DAVID REDNOUR and the**
**ATTORNEY GENERAL OF THE**
**STATE OF ILLINOIS,**

        **Respondents.**


## <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

        Petitioner Michael Ray Reeves, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement.  Petitioner was convicted on March 22, 2008, in Massac County (Case No. 00-CF-91) of aggravated criminal sexual assault, aggravated kidnaping, and two counts of criminal sexual assault, for which he is serving a total sentence of 52 years (consecutive sentences of 22 years, 18 years, 6 years and 6 years, respectively).  Petitioner claims that his conviction was improper because he was unconstitutionally denied a speedy trial, asserting that he made a proper speedy trial request pursuant to the Interstate Agreement on Detainers. Petitioner was originally convicted on these charges after a jury trial on August 22, 2001, but that conviction was later reversed and remanded for a new trial on

September 30, 2003. The second jury trial was not held until December, 2007.

At the time petitioner requested a speedy trial, he was serving consecutive sentences in Nevada, where he pled guilty in 2000 to three charges (discharge of firearm, resisting a public officer, and possession of a stolen vehicle). After petitioner completed his Nevada sentences, he was returned to Illinois to serve sentences of 15 years for aggravated robbery consecutive to 5 years for burglary, on a September 5, 2001, guilty plea in Johnson County (Case No. 0–CF-78). The Johnson County sentences were to run consecutively to the Nevada sentences, but concurrently with the original Massac County sentences.

In addition, petitioner claims the Massac County sentencing court incorrectly calculated his sentencing credit for his time spent in custody prior to his March 22, 2008, conviction, and that he did not receive proper sentencing credit against the Johnson County sentence.

Petitioner's Motion for Appointment of Counsel (Doc. 3) was denied by this Court on March 21, 2011, finding that petitioner's single inquiry to one attorney did not amount to "a reasonable attempt to obtain counsel." (Doc. 7). *See Pruitt v. Mote*, 503 F.3d 647, 854-55 (7th Cir. 2007). On March 29, 2011, petitioner filed a motion to reconsider that denial (Doc. 8), attaching documentation showing that he has contacted seven attorneys or law firms in his efforts to obtain counsel. The Court now finds that petitioner has made a reasonable attempt to obtain an attorney, and turns to the second step of the inquiry: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself[?]" *Pruitt*, 503 F.3d at 854-55.

With regard to this inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago v. Walls*, 599 F.3d 749, 762-64 (7th Cir. 2010). At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (noting infancy of case makes it impossible to make accurate determination of *pro se* litigant's ability to litigate case). Moreover, respondent has not yet filed a reply or answer to the petition. While counsel might be helpful to petitioner if an evidentiary hearing is held, the Court has not yet determined whether an evidentiary hearing will be required for this case. Future developments may change the Court's mind on whether counsel should be appointed. At this early stage and time, though, the Court concludes that petitioner appears to be competent to litigate his case. Therefore, petitioner's motion to reconsider the denial of appointment of counsel (Doc. 8) is **DENIED without prejudice**.

Before further proceedings are ordered, a few words about the named respondents are necessary. Petitioner names as a respondent not only the warden of his prison but the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is petitioner's custodian. As stated clearly by the Seventh Circuit,

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the*

> petitioner is not then confined, but expects to be taken into custody.

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added). *See also Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 665 n. 1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner is incarcerated, the only proper respondent is Warden Rednour. The Illinois Attorney General is **DISMISSED** as a party and should not appear as a litigant in any future § 2254 case except under the conditions specified in Rule 2(b).

**IT IS HEREBY ORDERED** that respondent **REDNOUR** shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and

each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 7, 2011**

David R. Herndon
2011.04.07
05:39:58 -05'00'

**Chief Judge**
**United States District Court**