IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MICHAEL RAY REEVES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 3:10-cv-869-DRH-DGW |
| DAVID REDNOUR, Warden, | ) | |
| Respondent. | ) | |

**AMENDED REPORT AND RECOMMENDATIONS**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendations on the Motion to Dismiss filed by the Respondent on April 19, 2011 (Doc. 14). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED**, the action **DISMISSED without prejudice,** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On March 19, 2001, Petitioner Michael Ray Reeves was indicted by an Illinois grand jury on one count of aggravated kidnapping and three counts of criminal sexual assault (Doc. 1-1, p. 15). On July 5, 2001, Reeves, through counsel, moved for a mental examination to determine whether he suffered from a mental disability contributing to the crime for which he was charged, whether he was insane at the time of the offense, and whether he was fit to stand trial. After conducting a hearing, the trial court denied the motion for a mental examination.

In August 2001, a jury found Reeves guilty on all counts. On September 6, 2001, the Circuit Court of Massac County sentenced him to the following terms of imprisonment: 18 years

for aggravated kidnapping, 6 years each on two counts of criminal sexual assault, and 22 years for aggravated criminal sexual assault. The state court ordered that the sentences run consecutively. The court also ordered the sentences to run consecutively to sentences imposed by a Nevada state court on other charges (Doc. 1-1, pp. 10-11).

*Direct Appeal*

Reeves appealed the conviction. On November 3, 2003, the Illinois Appellate Court for the Fifth District reversed the judgment, remanded the case on the trial court's denial of the motion for mental examination, and directed the trial court to appoint a psychiatrist to examine Reeves (Doc. 1-1, pp. 15-21).

On October 6, 2004, after the appellate court's remand, but before a new trial, Reeves filed a *pro se* Motion to Dismiss the indictment in the Circuit Court of Massac County claiming that the State of Illinois failed to bring him to trial within the 180-day time period required in the Interstate Agreement on Detainers (Doc. 1-3, pp. 2-5). On February 17, 2005, Reeves, with the assistance of counsel, filed an Amended Motion to Dismiss the indictment (Doc. 1-3, pp. 26-29). Reeves argued that he was denied his rights to due process and speedy trial by the Massac County trial court. The trial court denied the motion on October 11, 2006 (Doc. 1-3, pp. 31-32). The Court found that Petitioner's rights under the Interstate Agreement on Detainers Act were not violated because Reeves did not properly institute the proceedings pursuant to the agreement. The Court set a new trial for October 16, 2006.

*Trial and Sentencing on Remand*

No judgment or other document confirming the outcome of the second trial appears in the record currently before the Court, but the following documents reference the result of the retrial:

1. A Motion to Appoint Appellate Public Defender indicates that on December 14, 2007, Reeves was found guilty of Aggravated Kidnapping; two counts of Criminal Sexual Assault, and Aggravated Criminal Sexual Assault (Doc. 1-3, p. 33).

2. A post-trial order issued by the Circuit Court of Massac County on June 10, 2010, states that in 2007, after a second jury trial, Reeves was found guilty on the charges raised originally in 2000 (Doc. 1-4, p. 12).

3. Reeves filed a Notice of Appeal in case 00-CF-91 in March 2008 (Doc. 1-3, p. 34). The Notice indicates Reeves was appealing the judgment entered on March 22, 2008, by the trial court sentencing him to 18 years imprisonment on Count I; 6 years imprisonment on Count II; 6 years imprisonment on Count III; and 22 years imprisonment on Count IV.

On January 20, 2010, the Illinois Appellate Court for the Fifth District issued an order regarding the record on appeal in Reeves' underlying criminal case. The Appellate Court indicated that at that time Reeves had two appeals pending, one for state habeas corpus relief (No. 5-07-0625), the other a direct appeal of the second conviction (No. 5-08-0181). On September 29, 2010, the Supreme Court of Illinois denied Petitioner's request for leave to appeal in case 5-07-0625, the state habeas case. *Reeves v. Gaetz*, 938 N.E.2d 530, 237 Ill.2d 589 (Ill. 2010). On June 10, 2010, the trial court denied Petitioner's *pro se* petition for post-conviction relief as untimely because the Illinois Appellate Court had not yet ruled on the merits of Petitioner's direct appeal (Doc. 1-4, pp. 12-13). Petitioner has not demonstrated that the Illinois Appellate Court has issued an opinion or order on the merits of Petitioner's direct appeal.

*Federal Petition for Writ of Habeas Corpus*

Reeves filed a *pro se* petition for writ of habeas corpus in this Court on November 1, 2010.

He raised the following grounds for relief: 1) his Illinois conviction violated the Interstate Agreement on Detainers because he was not tried within 180 days; 2) his Illinois conviction violated the Interstate Agreement on Detainers because 651 days passed between his return to Illinois and his trial; 3) The state of Illinois did not have jurisdiction to remove him from Nevada to Illinois; and 4) he was denied sentencing credit for time spent in custody before his trial (Doc. 1).

On April 7, 2011, this Court conducted its initial screening of the petition and ordered Respondent Rednour to file an answer to the Petition for Writ of Habeas Corpus within twenty-three days (Doc. 9).

***Respondent's Motion to Dismiss***

Respondent did not file an answer to the petition. Instead, he filed a Motion to Dismiss the petition arguing that Reeves failed to exhaust his state court remedies before filing his federal habeas petition. Respondent asserted that oral argument of the direct appeal of Petitioner's December 2007 conviction was held on October 27, 2010, but that as of the date of the motion (April 19, 2011), the Illinois Appellate Court had not issued its decision on that appeal. In support of that fact, Respondent included as exhibits the Oral Argument Schedule of the Fifth District Appellate Court for October 27, 2010, and the hand-written trial court record sheet which indicates Reeves filed a notice of appeal on April 14, 2010 (Doc. 15-1). Thus, Respondent argued, no final order had issued from the Illinois Appellate Court on Petitioner's direct appeal.

In response, Reeves argued that this Court should review his petition for writ of habeas corpus on the merits (Doc. 16). As an exhibit to the response, Reeves includes a copy of the order for the Supreme Court of Illinois denying his petition for leave to appeal in 5-07-0625, the state habeas case (Doc. 16-1, p. 1).

*First Report and Recommendations*

On July 18, 2011, the undersigned submitted a Report and Recommendations to the District Judge recommending that the Respondent's Motion to Dismiss be denied because the record did not contain enough information for the Court to determine whether Plaintiff had fully exhausted his state-court remedies. The undersigned further recommended that the Respondent be ordered to provide the complete state court record.

*Motion for Reconsideration of the Report and Recommendations*

In lieu of filing objections, Respondent filed a Motion for Reconsideration of the Report and Recommendations (Doc. 18). Respondent argued that the Petitioner had not met his burden to show that he complied with the state's exhaustion requirements prior to filing his federal habeas petition. Respondent attached to the motion a copy of the Appellate Court's docket sheet and copies of the briefs filed in the appellate court by Petitioner and the State of Illinois. The Court has granted the motion for reconsideration and now issues the instant Amended Report and Recommendations.

## CONCLUSIONS OF LAW

Under the federal habeas statute, an application for writ of habeas corpus shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A state prisoner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To fully exhaust a claim, a prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. *See also Cullen v. Pinholster*, 131

S.Ct. 1388, 1399-1400 (2011) (discussing legislative intent to "channel" constitutional claims first to state courts for review). Generally, a claim is exhausted after it has been presented to the highest state court for a ruling on the merits of the claim. *See United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). The burden of proof lies with the petitioner to show he complied with the exhaustion requirement. *See Baldwin v. Lewis*, 442 F.2d 29, 35 (7th Cir. 1971). It is a well-established rule that unexhausted federal habeas petitions should be dismissed. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Based on the evidence submitted by the Petitioner with his petition and by the Respondent in his Motion to Dismiss and Motion for Reconsideration of the Report and Recommendations, the Court agrees with Respondent that Petitioner has not exhausted his state-court remedies because the Illinois Appellate Court has not ruled on the merits of his direct appeal. Thus, the Petitioner has not invoked "one complete round of the State's established appellate review process," and therefore has not exhausted his state court remedies prior to filing his federal habeas petition. *See Boerckel*, 526 U.S. at 845. Accordingly, his petition should be dismissed without prejudice.

The Court recognizes that district courts have discretion to hold in abeyance a mixed habeas petition, containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while federal proceedings are stayed. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A petition should be stayed only in limited circumstances. *Id.* Courts consider whether "dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Under the circumstances presented here, a stay is not appropriate. Petitioner does not present a "mixed" petition in which some of his claims are exhausted and others are not. The Illinois Appellate Court has not ruled on the merits of his

direct appeal. Thus, none of the claims raised in his federal habeas petition could be fully exhausted. Moreover, there is no risk that Petitioner could lose the ability to raise any of his claims in a federal habeas petition filed at a later time. The one-year statute of limitations imposed by 28 U.S.C. §2244(d) does not begin to run until one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Accordingly, Petitioner will have one year in which to file a federal habeas petition after the conclusion of direct review by Illinois state courts, should the outcome be unfavorable to him. Petitioner will also have the opportunity to file a petition for post-conviction relief asking the state court to rule on the constitutionality of his claims. *See* 725 ILCS 5/122. The filing of such a petition tolls the one-year state of limitations. *See* 28 U.S.C. §2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

In light of the Petitioner's failure to demonstrate that he exhausted his state-court remedies prior to filing his federal habeas petition, and the Court's determination that a stay of the action is not appropriate, the undersigned recommends that the petition for writ of habeas corpus be dismissed without prejudice.

## CONCLUSION

Therefore, based on all the foregoing, it is hereby **RECOMMENDED** that the Motion to Dismiss filed by Respondent (Doc. 14) be **GRANTED,** that the petition be **DISMISSED without prejudice**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to

file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 2, 2011**

**DONALD G. WILKERSON**
**United States Magistrate Judge**