IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL RAY REEVES**,

Petitioner,

v.

**DAVID REDNOUR,**

Respondent.                                    No. 10-00869-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

This matter comes before the Court on Magistrate Judge Wilkerson's November 2, 2011 Amended Report and Recommendation ("the Report") recommending that the Court dismiss without prejudice for failure to exhaust the habeas corpus petition and grant respondent's motion to dismiss (Doc. 21). Reeves filed objections to the Report (Docs. 22 & 23). Based on the following the Court **ADOPTS** the Report in its entirety.

On November 1, 2010, petitioner, *pro se,* filed petition for writ of habeas corpus in this Court (Doc. 1). In his petition, Reeves raised the following issues: (1) that his Illinois conviction violated the Interstate Agreement on Detainers because he was not tried within 180 days; (2) his Illinois conviction violated the Interstate Agreement on Detainers because 651 days passed between his return to Illinois and his trial; (3) the state of Illinois did not have jurisdiction to remove him from Nevada

to Illinois; and (4) that he was denied sentencing credit for time spent in custody before his trial. On April 7, 2011, the Court conducted its initial screening of the petition and ordered respondent to file an answer (Doc. 9).

In response, respondent filed a motion to dismiss arguing that Reeves failed to exhaust his state court remedies before filing his federal habeas petition (Doc. 14). In the motion, respondent asserted that oral argument of the direct appeal of petitioner's conviction was held on October 27, 2010 but that as of the date of the motion (April 19, 2011), the Illinois Appellate Court had not issued a decision on that appeal. In response to the motion, petitioner argued that the Court should review his petition on the merits and in support he included a copy of the order of the Illinois Supreme Court denying his petition for leave to appeal in 5-07-0625, *the state court habeas case* (Doc. 16).

On July 18, 2011, Magistrate Judge Wilkerson entered a Report and Recommendation recommending that the Court deny respondent's motion to dismiss because the record did not contain enough information as to whether Reeve's had fully exhausted his remedies (Doc. 17). Instead of filing objections, respondent filed a motion to reconsider arguing that petitioner had not met his burden to show that he complied with the state's exhaustion requirements prior to filing his federal habeas petition (Doc. 18). In support, respondent attached a copy of the Illinois Appellate Court's docket sheet and copies of the briefs filed in the appellate court by the parties. After reviewing those documents, Magistrate Judge Wilkerson granted the motion to reconsider and issued the Report on November 2, 2011 (Docs. 20 &

21, respectively).  Reeves filed objections to the Report on November 16, 2011 and November 22, 2011 (Docs. 22 & 23).  Respondent responded to the objections the next day (Doc. 24).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report.  28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).  In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II.  Underlying Background

Here, petitioner was convicted after a jury trial in the circuit court of Massac County, Illinois of three counts of aggravated criminal sexual assault and one count of aggravated kidnaping.  The circuit court sentenced him to 52 years imprisonment.[1]  Reeves appealed his sentence and conviction raising the following: (1) that he was denied his constitutional right to a speedy trial; (2) that one count of aggravated criminal sexual assault must be reversed because the evidence was insufficient to prove the element of penetration beyond a reasonable doubt.

---

[1] Reeves had two trials.  In 2003, the Illinois Appellate court remanded the cause for a new trial because the circuit court failed to appoint a psychiatrists to investigate a possible defense of insanity.  *People v. Reeves*, No. 5-01-0883 (September 30, 2003).

On October 6, 2004, after the Illinois Appellate Court's remand for new trial and prior to the retrial, Reeves filed a *pro* se motion to dismiss the indictment in the circuit court claiming that Illinois failed to bring him to trial within 180 days as required in the Interstate Agreement on Detainers. Thereafter, with the assistance of counsel, Reeves filed an amended motion to dismiss on February 17, 2005. The circuit court denied this motion on October 11, 2006.

Also, while awaiting retrial, he filed a complaint for state habeas corpus relief under 735 ILCS 5/10-101, *et seq*. *See* Doc. 1-4 at 5, 23-24. The state trial court denied habeas relief; petitioner appealed; and the appeal was docketed in the Illinois Appellate Court as case No. 5-07-0625. *Id.* The Illinois Appellate Court affirmed the denial of habeas relief, and the Illinois Supreme Court denied discretionary review. *See* Doc. 1 at 5; *Reeves v. Gaetz*, 938 N.E.2d 530 (Table) (Ill. 2010).

On November 14, 2011, the Illinois Appellate Court affirmed his conviction and sentence. *People v. Reeves*, 05-08-0181 (November 14, 2011).

### III. Analysis

Habeas Corpus relief will not be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The federal court deferentially reviews the

decision of the last state court. *Griffin v. Pierce,* 622 F.3d 831, 841 (7th Cir.2010). State-court factual findings are presumed to be correct unless the petitioner rebuts this presumption with "clear and convincing evidence." *Schriro v. Landrigan,* 550 U.S. 465, 473-74, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Federal courts liberally construe *pro se* petitions for *habeas corpus* relief. *Perruquet v. Briley,* 390 F.3d 505, 512 (7th Cir. 2004).

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also*

*O'Sullivan*, 526 U.S. at 848.

Petitioner contends that he has fulfilled the exhaustion requirement. Specifically, he claims that (1) his claims are exhausted because he raised them in a state-law habeas corpus action; and (2) his claims are exhausted because the Illinois Appellate Court recently ruled on his direct appeal. The Court finds that petitioner is incorrect.

It appears from the instant petition and exhibits and the pleadings that the claims at issue have been presented only to the Illinois Appellate Court, thus petitioner has not yet exhausted his available state court remedies.[2] Even though the Illinois Appellate Court has ruled, petitioner still has not completed one round of the state's established review process because he has not filed a petition for leave to appeal with the Illinois Supreme Court. Further, habeas corpus is not a permissible substitute for a direct appeal under Illinois law. *See Baker v. Dep't of Corrections*, 477 N.E.2d 686, 690 (Ill. 1985) ("This court has stated many times that *mandamus* and *habeas corpus* are not permissible substitutes for direct appeal."); *People ex rel. Hatch v. Elrod*, 547 N.E.2d 1264, 1267 (Ill. App. Ct. 1989) (a "*habeas corpus* proceeding is not a substitute for a direct appeal"). As a result, habeas corpus was not the proper vehicle, under state law, for petitioner to exhaust his claims. Thus, none of his claims before this Court have been fully exhausted. Moreover, petitioner

---

[2]The Illinois Appellate Court issued its ruling on November 14, 2011 after the Report was entered. However, this does not change the validity of the Report's conclusion that Reeves failed to exhaust.

has to exhaust his claims fully before he files his habeas petition in federal court.

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**, without prejudice to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts.

### IV. Conclusion

Accordingly, the Court **ADOPTS** the Report (Doc. 21) and **GRANTS** respondent's motion to dismiss (Doc. 14). The Court **DISMISSES without prejudice** petitioner's habeas corpus petition for failure to exhaust.

**IT IS SO ORDERED.**

Signed this 21st day of December, 2011.

David R. Herndon
2011.12.21
14:41:16 -06'00'

**Chief Judge**
**United States District Court**