IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL RAY REEVES**,

**Petitioner,**

**v.**

**DAVID REDNOUR,**

**Respondent.**                                                               No. 10-0869-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On December 21, 2011, the Court dismissed without prejudice petitioner's habeas corpus petition for failure to exhaust (Doc. 26). On December 30, 2011, petitioner filed a notice of appeal (Doc. 27). Thereafter, petitioner filed a motion to stay and reconsider on January 3, 2012 (Doc. 32). He asks the Court to reconsider the Court's order dismissing his petition for failure to exhaust.

The Seventh Circuit has stated:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Kusay v. United States*, 62 F.3d 192, 193 (7th Cir.1995), *quoting Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). "Under this rule, the district court retains jurisdiction to act only if the order

being appealed or the proceeding before the district court is a discrete matter ancillary to the issues under consideration in the other court." *May*, 226 F.3d at 879, *citing Kusay*, 62 F.3d at 193–94.

Here, the petitioner is appealing the Court's Order dismissing his petition without prejudice for failure to exhaust. This is the same Order that petitioner asks the Court to reconsider. The issues raised in the motion to reconsider are squarely before the Seventh Circuit and this Court lacks jurisdiction to rule on the motion. The Court lacks jurisdiction over "those aspects of the case involved in the appeal." *Kusay*, 62 F.3d at 193. This Court recognizes that the Seventh Circuit has held that district courts possess limited authority to deny Rule 60(b) motions during the pendency of an appeal. *See Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local* 21, 543 F.3d 414, 418–19 (7th Cir.2008); *see also Carr v. Tillery*, 2010 WL 4781148, at *2 (S.D.Ill. 2010). However, the motion to reconsider was not brought pursuant to Rule 60(b) and this limited exception does not apply here.

Furthermore, the Court is not inclined to reconsider its order.

Accordingly, the Court **DISMISSES** for lack of jurisdiction petitioner's motion to stay and to reconsider (Doc. 32).

**IT IS SO ORDERED.**

Signed this 6th day of January, 2012.

David R. Herndon
2012.01.06
13:05:53 -06'00'

**Chief Judge**
**United States District Court**

Page 2 of 2